## MOBLEY v. J. A. FISCHER CO. et al.
### No. 4531.

District Court, E. D. Pennsylvania.
June 18, 1930.

Leon Edelson, of Philadelphia, Pa., for plaintiff.

Harry Fischer, of Philadelphia, Pa., and George P. Kimmel, of Washington, D. C., for defendant.

KIRKPATRICK, District Judge.

This is a proceeding in equity based upon the alleged infringement of United States letters patent No. 1,664,988, granted April 3, 1928, to Ida E. Mobley, the plaintiff. The subject of the patent is a sound box or sound reproducer particularly adapted for use with talking machines. The defenses set up are: (a) Invalidity by reason of anticipation and want of invention; (b) invalidity by reason of certain matters appearing in the proceedings in the Patent Office for the grant of the patent—more specifically (1) because the file wrapper shows that the claims finally allowed were properly the subject of a divisional application and had no place in the patent here in suit; (2) because the claims constitute such new matter as would require a supplemental oath, and (3) because the claims do not read upon the structure disclosed in the drawings and described in the specifications of the original application—and (c) implied license to the defendant.

There are four claims all of which are alleged to have been infringed by the defendant. Without setting them out in full (and disregarding the stylus bar which appears in claim 5 and which admittedly is not an element in the patent), the claims call for a combination of four elements—an annular rim with an inturned flange, a back plate secured to the rim so that the back plate and the flange of the rim form an annular groove, a diaphragm with a conically raised central portion, and a shield conforming to the shape of the diaphragm. In the assembled structure the edges of the diaphragm and shield are received within the groove formed by the back plate and the flange of the rim, and are retained there by gaskets.

The first question is whether the patent in suit discloses patentable novelty.

It is first to be noted that the art into which the patent comes may be fairly called crowded. A large number of patents for sound boxes conforming to the general type of the plaintiff's device have been granted, and such sound boxes have been for a long

time in general use. At least five of the prior patents granted for various minor improvements contain in their specifications references to the "usual," "conventional," or "ordinary," type of sound boxes. (Head 1,-489,211; Kantner 1,394,427; Suiter 1,263,-816; Roop 1,143,784; Bauer 1,464,739.)

In the second place, each of the separate elements in the plaintiff's device, not only in its general type, but precisely as described in the claims, is old in the art. The annular rim with its inturned or radially extending flange is disclosed in Blood 1,365,298; Gay 1,418,249; Hunt 1,410,679; English 1,064,-062; Head 1,489,211. A back plate of some kind appears in almost all of the prior patents and in Blood 1,365,298; Gay 1,418,249; Hunt 1,410,679; Miller 1,200,212; English 1,064,062, it is detachably secured to the rim. In the last four patents named and in some of the others, notably Bauer 1,464,739, the rim and the back plate conjointly form an annular groove. Diaphragms with plane marginal portions and central raised portions are disclosed in Duncan 1,442,215; Thomas 1,116,165; Semple, Jr., 1,480,785. The shield appears in Miller (though here it performs a double function as a shield and has a point from which to exert pressure), Gay, and Bauer. It is useless to multiply instances, though others could be found. It is beyond question that every element of the patent in suit is disclosed in the prior patented art.

This being so, if the patent is to be sustained, it must be as a combination and, as such, some new function or result must arise from putting the elements together. In the language of Mr. Justice Matthews in Pickering v. McCullough, 104 U. S. 310, 318, 26 L. Ed. 749: "It must form either a new machine of a distinct character and function, or produce a result due to the joint and co-operating action of all the elements, and which is not the mere adding together of separate contributions." What is the new function or result in the Mobley device?

Neither the plaintiff herself nor her expert witness have been able to give me any definite idea of what they think the device has added to the prior art. To the court's question, "What did you invent—what is the new part in that patent?" the plaintiff answered, "The diaphragm, the cover and the stamped-up brass back." But this is merely enumerating some of the elements of the patent, all of which are old. If a "stamped-up back" means a sort of bell-shape back, it appears in Hunt 1,410,679, Scrabic 1,455,972, and for

that matter in many others. When the plaintiff's expert was called, his replies to the questions asked by the court in an endeavor to ascertain what the plaintiff's invention was, were as follows:

"Question: The idea of a metal diaphragm held in these grooves is new in this patent? Answer: In combination with the shield. * * *

"Question: What did they do before? How did they ever hold the diaphragm in the sound box? Answer: I don't know.

"Question: It must have been held there somehow? Answer: I don't know."

The expert also suggested that the idea of a metal diaphragm was new, but in this he is in error, since that idea appears in Scrabic 1,455,972 which even shows a conical metal diaphragm with the shield. The nearest to any intelligent statement as to what, if anything, has been accomplished by Mrs. Mobley's assemblage of old elements, is to be found in her counsel's reply brief in which he says: " * * * No single reference shows the Mobley idea of clamping the marginal edges of a diaphragm and a protecting shield within a groove formed conjointly by a removable backing or back plate and an inturned flange formed integrally with the cylindrical rim of the sound box body."

I am not sure that even this statement is correct, because Parker No. 1,133,883 shows a shield and gaskets within the groove along with the diaphragm. In Parker the back plate, rim, and flange are all made in one piece instead of the back plate in one piece and the rim and flange in another. At all events, in view of the Parker patent, as well as the numerous other patents in which the diaphragm is held by gaskets or otherwise in a groove formed by ring and back plate (Hunt, Bauer, English, etc.), if there is anything at all new in the Mobley patent, it is the introduction of the plane peripheral portion of the shield into an annular groove, which groove is formed of two pieces, a back plate on the one hand and a rim and flange on the other. The novelty, if any, lies in thus positioning the shield. By no stretch of the imagination am I able to see anything patentable in the arrangement, even if it is novel at all.

The idea of introducing the shield inside of the flange of the rim instead of fastening it outside by screws or otherwise is merely a matter of assembling parts such as would certainly occur to a mechanic of the most ordinary ability engaged in the construction of the device. It creates no new functional re-

lationship whatever among the elements. I am not at all sure that it is an improvement. By placing the rim inside, as the Mobley patent does, four screws are eliminated, but on the other hand the shield is not firmly held, but is movable within the circumference of the ring. I find in the patent no inventive advance from the prior art, and consequently hold it to be invalid. Even if it were valid, the defendant would not be infringing because in the "Val-Phonic" the shield is attached to the outside of the flange of the rim.

In view of the conclusion reached as to the invalidity of this patent, it is unnecessary to discuss at length the defendant's remaining contentions. I have noted them at the outset of this opinion. They all fail if the substance of the claims finally allowed was fairly indicated, suggested, or disclosed by the original drawings and specifications. Heller Brothers v. Crucible Steel Company (C. C. A.) 297 F. 39; Gibson v. Smoot Engineering Corporation (D. C.) 28 F.(2d) 123, 129. In the latter case the court said: "* * * An inventor is entitled to secure by a patent his actual invention, as fairly indicated * * * or disclosed by his original drawings and specifications and that while his application is pending he may make such amendments to his claims, without regard to the nature or scope of the claims originally made, as will secure that end." This states the law as it is in this circuit, and I must follow it. Notwithstanding the very able argument made by counsel for the defendant, there is no doubt in my mind that the substance of the claims as allowed was indicated in the original drawings and specifications clearly enough to support the grant of the patent without requiring a supplemental oath and without a divisional application. Even had the Patent Office granted the patent in disregard of a Patent Office rule, it would not have affected its validity under the law as understood in this circuit. It was held in Heller Brothers v. Crucible Steel Company, supra, that, assuming Rule 48 of the Patent Office to be a valid rule, nevertheless, if the Office does not enforce its own rule against the applicant, and grants the patent, the disregard of the rule has no bearing upon the question of the validity of the patent so issued. This holding applies with equal force to Rules 41 and 42, and it is therefore my view that these defenses are not well taken.

I am also of the opinion that the defendant has failed satisfactorily to make out a case of implied license, and I so hold.

A decree may be prepared based upon the holding of this opinion that Mobley patent, No. 1,664,988, is invalid for want of invention and patentable novelty.