**TUCKER et al. v. NORTON, Deputy Commissioner of United States Employees Compensation Commission.**

**No. 2739.**

District Court, E. D. Pennsylvania.

March 31, 1943.

Louis Wagner, of Philadelphia, Pa., for plaintiff.

W. E. Boote, of Washington, D.C., Chief Counsel for United States Employees Compensation Commission, and Gerald A. Gleeson, U. S. Atty. and J. Barton Rettew, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action under Section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, Act of March 4, 1927, c. 509, 44 Stat. 1436, 33 U.S.C.A. § 921(b), to enjoin the enforcement of an award of compensation for the death of one Dillon made by the Deputy Commissioner. The Deputy Commissioner has filed a motion to dismiss the complaint on the ground that the award was adequately supported by the evidence produced before him and that it is in accordance with law. Plaintiffs have filed a motion for a hearing de novo on the questions whether Dillon was an employee of the plaintiff Tucker and whether his death resulted from an accident occurring in the navigable waters of the United States.

In addition to the two factual issues referred to above, there were two other

factual issues in controversy, namely, whether the claimants were dependents of the decedent and whether the decedent was a "master or member of a crew" of a vessel so as to be outside the coverage of the Act under Section 3(a) (1) thereof, 33 U.S. C.A. § 903(a) (1). The Deputy Commissioner resolved all these issues in favor of the claimants and thereupon made the award the enforcement of which the present action seeks to enjoin.

In support of its contention that it is entitled to a trial de novo on the questions of whether Dillon was an employee of the plaintiff Tucker and whether the accident resulting in his death occurred in the navigable waters of the United States, plaintiff relies upon Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. In that case the Supreme Court affirmed the action of the District Court in granting a trial de novo on those exact issues on the ground that their determination constituted the determination of "jurisdictional facts" the absence of which would have rendered the situation one as to which Congress would have no constitutional power to make the Longshoremen's and Harbor Workers' Act applicable. The Supreme Court further held that despite the fact that the Deputy Commissioner was required to determine these facts in the first instance in order to decide whether compensation should be awarded, the district court properly required evidence thereon de novo in order that it might determine on its own record whether there existed the "jurisdictional facts" necessary to bring the case within the valid scope of the Act.

Under the authority of the Crowell case, therefore, it would appear that a trial de novo of these issues is required and that the motion to dismiss must be overruled. Defendant, however, challenges both the present validity of the decision in the Crowell case and its applicability to the case at bar. It is unnecessary to discuss at any length the relative merits of the majority and dissenting opinions in that case. I am in full accord with the dissenting opinion of Justice Brandeis, concurred in by Justices Stone and Roberts, for the reasons expressed therein and for the further reasons set forth in the numerous articles by legal writers[1] and which are virtually unanimous in condemning the ruling of the majority. But unless and until the decision is overruled by the Supreme Court, it is controlling upon me.

The defendants urge that the Crowell case was impliedly repudiated by subsequent decisions of the Supreme Court such as Voehl v. Indemnity Insurance Co. of North America, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245, and South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732, and that it would be unquestionably expressly overruled if the same facts were to come before the Supreme Court again. In the first of the above cases it was held that whether an injury arose out of, and in the course of, employment was not a "jurisdictional fact", and in the second that whether the employee was a "member of a crew" within an exception to the coverage of the Longshoremen's and Harbor Workers' Compensation Act was not a "jurisdictional fact", and that hence the findings of the Deputy Commissioner, if supported by evidence, were conclusive on these issues. While these decisions indicate that the Supreme Court certainly has no intention of extending the doctrine of "jurisdictional fact" and while they may indeed presage the overruling of Crowell v. Benson, they do not go far enough to warrant me in refusing to consider as "jurisdictional facts" the exact facts which the Supreme Court in that case held to be such. Nor can the defendant's carefully analyzed classification of facts as "ordinary", "statutory jurisdictional" and "constitutional jurisdictional", however useful it might be with respect to such facts as have not been found by the Supreme Court to be "constitutional jurisdictional" facts within such classification, offer any ground for distinction with respect to those facts which have been found by the Supreme Court to be "constitutional jurisdictional" facts within such classification.

Defendant's further attempts to distinguish the Crowell case must likewise fail. It is true that the exact holding of the Supreme Court in that case was merely to

---

[1] See Landis, The Administrative Process, p. 141 et seq.; Dickinson, Crowell v. Benson: Judicial Review of Administrative Determinations of Questions of "Constitutional Fact", 80 U. of Pa. Law Review 1055; Larson, The Doctrine of "Constitutional Fact", 15 Temple Law Quarterly 185; Stumberg, Finality of Administrative Process under the Longshoremen's and Harbor Workers' Compensation Act, 10 Texas Law Review 438.

affirm the action of the district court in granting a trial de novo as to the "jurisdictional facts". But it is clear from both the majority and the dissenting opinions that the Supreme Court required the district court to determine the "jurisdictional facts" on its own record and did not permit the district court to exercise discretion whether it should do so. Similarly, the contention that the present plaintiffs did not bring themselves within the scope of the Crowell decision because they did not specifically predicate their right to a trial de novo on constitutional grounds cannot be sustained. The effect of that decision being that the Longshoremen's and Harbor Workers' Compensation Act would be unconstitutional if applied to a factual situation as to which the district court did not find from its own record included the requisite "jurisdictional facts", it cannot be held that the award of the Deputy Commissioner is "according to law" until this court makes such a finding.

Since the Deputy Commissioner's determination of all facts except "jurisdictional facts" is conclusive if supported by the evidence, once it is established that the "jurisdictional facts" are present, plaintiff is entitled under Crowell v. Benson to a trial de novo in this court, but only as to the issues of the existence of the relationship of master and servant and whether the accident occurred in the navigable waters of the United States.

Defendant's motion to dismiss the complaint is therefore overruled and plaintiff may proceed to trial on those issues.