96

## TUCKER v. BRANHAM, Deputy Com'r.
### No. 8716.

Circuit Court of Appeals, Third Circuit.
Argued Jan. 15, 1945.

Decided July 17, 1945.

Ward E. Boote, of Washington, D. C. (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., and Charles R. Sheidy, Jr., Asst. U. S. Atty., of Reading, Pa., on the brief), for appellant.

Louis Wagner, of Philadelphia, Pa., (Richard A. Smith, of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, McALLISTER, and Mc-LAUGHLIN, Circuit Judges.

BIGGS, Circuit Judge.

The case at bar involves the question of the application of Section 3(a) (1) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A.§ 903(a) (1), in that it must be determined whether one Dillon was a "master or member of [the] crew" of the barge "Army." The Deputy Commissioner found that " * * * Dillon was not a master or member of a crew * * *, his status being that of a laborer or harbor worker * * *," and allowed compensation to his minor grandchildren. The pertinent findings of fact and conclusions of law of the Deputy Commissioner are set out in the footnote.[1]

The court below concluded that the Deputy Commissioner's finding that Dillon was not a master or member of a crew within

[1] The pertinent findings are as follows, the numbers being added: "(1) that on * * * [August 9, 1941, the day of death] and for about ten years prior thereto, * * * Dillon had been employed on the barge 'Army' as a caretaker * * *; (2) that it was the duty of Dillon when excessive leakage occurred, to attend to and to supervise the loading and unloading thereof, to fasten and unfasten lines as necessary and at all times to protect the barge from damage and otherwise safeguard the interest of its owner; (3) that his duties were limited to the barge 'Army'; (4) that he was the only person employed thereon; (5) that he lived, ate and slept on the barge and bought his own meals; (6) that he was not a qualified or licensed seaman and held no seaman's papers; (7) that said barge had no motive power of its own and was towed by tug boats; (8) that its operations were con-

the purview of Section 3(a) (1) of the Act " * * * is not supported by any evidence adduced before him and hence is not in accordance with law. On the contrary, the basic facts found by the Deputy Commissioner rightly call for the conclusion that Dillon was a member of a crew within the meaning of the * * * Act and therefore outside the scope of that Act." [2]

■ The appellant devotes a considerable portion of his brief in an effort to demonstrate that the court below went beyond the issues properly raised in a judicial review of an administrative action; that the appellee Tucker, in the proceeding before the Deputy Commissioner did not raise any question as to Dillon's coverage by the Act or assert such an issue in its complaint in the court below but tacitly admitted coverage. The appellant's contentions seem to us to be without merit for several reasons. The appellant concedes that counsel for the appellee Tucker, stated before the Deputy Commissioner that " * * * we require evidence * * * that the accident occurred * * * under circumstances giving you jurisdiction under the Longshoremen's Act," but the appellant notes that " * * * this statement refers to *circumstances* of the *accident* and *not status of the employee*." The appellant asserts that a mere reference to *jurisdiction* under the Act " * * * does not enlighten the issue * * *." We conclude that the statement made by the appellee, quoted above, was sufficient to raise the question of Dillon's coverage by the Act in the informal proceedings before the Deputy Commissioner. Moreover, the Deputy Commissioner specifically found that Dillon was covered by the Act. The issue of coverage, therefore, was before him. In the third paragraph of the complaint in the District Court, the appellee Tucker asserted that the compensation order of the Deputy Commissioner " * * * is not in accordance with law and * * * should be set aside because it does not come within the coverage provided by the . * * * Act as

defined in Section 3(a) thereof * * *." The issue of coverage therefore was raised in the complaint. Moreover, without regard for the specific points raised by the appellant, we construe the decision of the Supreme Court in Norton v. Warner Co., 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 931, to mean that if the facts are not in dispute as in the case at bar, the question of coverage by the Act is one of law. The pertinent question is whether or not the Deputy Commissioner construed the law correctly. That question is always within the purview of a reviewing tribunal.

■ We conclude that the Deputy Commissioner did misconstrue the Act. As Mr. Justice Douglas stated in the Norton case, supra, 321 U.S. at page 569, 64 S.Ct. at page 750, 88 L.Ed. 931: "If the award were to stand, there would be brought within the Act a group of workers whom we do not believe Congress intended to include." The history of the Act was reviewed by the Supreme Court in South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732, and in Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246. Nothing can be added by this court to those cogent recitals. The barge "Army" in the instant case is a vessel, despite the fact that it had no motive power of its own. It was a means of transportation on water. Dillon was on board the "Army" and aided in her navigation as the evidence demonstrates and the Deputy Commissioner found in his second finding of fact. Cf. the facts in the Bassett case, supra 309 U.S. 251 at page 260, 60 S.Ct. 544, 84 L.Ed. 732. The fact that the Deputy Commissioner concluded that Dillon was a caretaker is immaterial. He did take care of the barge but no one fact is conclusive. The purpose of the Longshoremen's and Harbor Workers' Compensation Act, as is pointed out in S. Rep. No. 973, 69th Cong., 1st Sess., p. 16, was to provide compensation for persons " * * * mainly employed in loading, unloading, refitting, and repairing ships". These persons ordinarily are longshore-

---

fined principally to the Philadelphia harbor; (9) that the duties performed by the deceased employee prior to his death did not relate principally to the navigation of the said barge, but on the contrary his duties had substantially no relation to navigation, being principally the duties incident to common labor and custodial service; * * *; (10) that * * * Dillon was not a master or member of a crew,

within the meaning of section 3(a) (1) of the Longshoremen's Act, his status being that of a laborer or harbor worker; * * *."

(1) to (8) inclusive are findings of fact. (9) is a mixed finding of fact and conclusion of law. (10) is a conclusion of law.

[2] See Tucker v. Norton, D.C., 56 F.Supp. 61, 62.

men and ship-fitters. Dillon was not such. He had some duties in respect to the loading and unloading of the "Army." These duties, however. as the court below pointed out, were for the purpose of making sure that the loading or unloading of the barge was done in such a way that it would not be injured by excessive strain or capsized by unequal loads. In our opinion Dillon falls within the legal category of Rusin in the Norton case rather than in that of Schumann in the Bassett case.

Accordingly the judgment of the court below is affirmed.