**KOWALSKI v. CHANDLER et al.**

No. 11624.

United States Court of Appeals
Sixth Circuit.

Feb. 20, 1953.

Writ of Certiorari Granted May 25, 1953.

See 73 S.Ct. 948.

Maurice H. Koodish and Morse Johnson, Cincinnati, Ohio, Frederic A. Johnson, New York City, for appellants.

Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, Ohio, and Baker, Hostetler & Petterson, Cleveland, Ohio, for appellees.

Before ALLEN, McALLISTER, and MILLER, Circuit Judges.

## PER CURIAM.

Appellant, a professional baseball player, brought suit in the district court to recover treble damages by reason of the alleged violation by appellees of Sections 1, 2, and 3 of the Sherman Act, 26 Stat. 209, 15 U.S.C.A. §§ 1, 2, and 3, and under Section 4 of the Clayton Act, 38 Stat. 731, 15 U.S.C.A. § 15. Appellant's action is based upon the claim that appellees, by a monopoly over trade and commerce, exercised through professional "organized baseball," have, by means of players' contracts and agreements among the several clubs in the various leagues, deprived appellant of the reasonable value of his services and his opportunities for professional promotion.

On motion of appellees, the district court dismissed the complaint on the ground that it failed to allege facts which are essential to establish the jurisdiction of the court, and failed to state a cause of action under the provisions of the above-named statutes, and that the court, accordingly, had no jurisdiction of the subject matter of the suit.

The issue presented is whether baseball is, or is not trade or commerce, and whether the structure known as "organized baseball" is engaged in trade or commerce within the meaning of those words as used in the Sherman and Clayton Acts.

■■ The controlling authority is the decision of the United States Supreme Court in Federal Baseball Club of Baltimore v. National League of Professional Baseball Clubs, 259 U.S. 200, 42 S.Ct. 465, 66 L.Ed. 898, in which it was clearly held that organized baseball was not trade or commerce. The facts with respect to the sale of broadcasting rights for radio and television in this case, which are herein emphasized by appellant as distinguishing this case from that cited above, are not different in any essential form from the sale of the rights of description of games over telegraph wires in the Federal Baseball Club case, and there appears no reasonable basis for distinguishing that case from the one before us. It is the duty of this court, in its determinations, to follow the decisions of the Supreme Court, and we are not persuaded to disregard the above-mentioned authority on the speculation that the Supreme Court may change its decision in this regard in the future. With respect to the controversy before us, the language of Judge Chase in Gardella v. Chandler, 2 Cir., 172 F.2d 402, 405, is apposite and embodies our view in determining the issue herein: "In dealing with such a unique aggregate as organized baseball and with a decision in respect to it which seems to be directly in point on the facts, we should not be astute in seeking to anticipate that the court which has the power to do so will change that decision. To do so would not only be an unwarranted attempt to usurp the authority of that court but would make its task in general much more difficult since it would lead to a constant alteration in the lower courts of its decisions on specific fact situations in the light of what would appear to be differing rules stated in the course of deciding later cases on different facts." See to the same effect, Toolson v. New York Yankees, D.C.Cal., 101 F.Supp. 93, affirmed, 9 Cir., 200 F.2d 198.

The order of the district court dismissing the action is affirmed.