**In the Matter of Margaret Ann BOULTON, Debtor.**

**Margaret Ann BOULTON, Plaintiff,**

v.

**GENERAL FINANCE LOAN CORPORATION OF IOWA, Defendant.**

**Bankruptcy No. 79–506–D.**
**Adversary Proceedings No. 80–0012.**

United States Bankruptcy Court,
S. D. Iowa.

April 1, 1980.

David P. Miller, Davenport, Iowa, for debtor.

Thomas J. Yeggy, Davenport, Iowa, for defendant.

Burton H. Fagan, trustee, Davenport, Iowa.

## MEMORANDUM OF DECISION

RICHARD STAGEMAN, Bankruptcy Judge.

At Des Moines, in the Southern District of Iowa, on the 31st day of March, 1980.

On January 30, 1980, the debtor, Margaret Ann Boulton, filed a complaint to avoid a security interest on exempt property under 11 U.S.C. § 522(f). The defendant, General Finance Loan Corporation of Iowa, filed an answer on February 15, 1980, admitting all but one of the allegations of the plaintiff's petition. It denied that its security interest can be affected by the Bankruptcy Code because the money was loaned and the security interest perfected prior to October 1, 1979, the date when the Bankruptcy Code took effect.

On March 6, 1980, the court heard the arguments of David P. Miller, counsel for the plaintiff, in favor of the issue that the defendant's security interest is void by reason of 11 U.S.C. § 522(f), and Thomas Yeggy, counsel for the defendant, in opposition thereto.

The plaintiff argues that the right of a debtor to avoid certain security interests

under Section 522(f) applies to precode loans and security interests. The defendant argues that such construction would make Section 522(f) unconstitutional.

If there is a justiciable issue of constitutional law here it is very dim by reason of the sparse record and lack of serious analysis.

Such issues should not be decided except upon a full record and after adequate hearing. *Braden v. University of Pittsburg*, 477 F.2d 1, 4 (3rd Cir. 1973). Even assuming that a question has been fully presented and the record adequate the court must rule against the defendant for the following reasons.

The defendant has not overcome the strong presumption that congressional legislation is constitutional.

It is by now well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way. *See, e. g., Ferguson v. Skrupa*, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963); *Williamson v. Lee Optical Co.*, 348 U.S. 483, 487–488, 75 S.Ct. 461, 464, 99 L.Ed. 563 (1955).

*Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976); 16 Am.Jur.2d (Const.Law) § 252.

Furthermore, it is urged that trial courts should resist declaring legislation unconstitutional. That is a responsibility of the appellate courts. *Mather v. MacLaughlin*, 57 F.2d 223 (E.D.Pa.1932); *Bromley v. McCaughn*, 26 F.2d 380 (E.D.Pa.1928) aff'd per curiam, 36 F.2d 1019 (3rd Cir. 1929); *In re Collier*, 8 F.Supp. 447, 449 (E.D.Pa.1934); *United States v. Smith*, 62 F.Supp. 594 (W.D.Mich.1945); *Thompson v. United States*, 148 F.Supp. 910 (E.D.Pa.1957), accord, *United States v. Neuendorf*, 8 F.Supp. 403 (S.D.Iowa 1934).

The complaint and answer establish that the security interest of General Finance Loan Corporation of Iowa is void under 11 U.S.C. § 522(f).

An appropriate order will be entered. [*Note:* Since the court has not really considered declaring 11 U.S.C. § 522(f) unconstitutional, it has not notified the Attorney General as required by B.R. 724.]