In the Matter of Lefreida Simon
MANNING, Debtor.

Defreida S. MANNING, Plaintiff,

v.

HOUSEHOLD FINANCE COMPANY,
Defendant.

Bankruptcy No. 80–256C.

United States Bankruptcy Court, Florida,
Tampa Division.

Oct. 20, 1980.

Douglas Wallace, Bradenton, Fla., for plaintiff.

Robert L. King, Tampa, Fla., for defendant.

## ORDER GRANTING JUDGMENT ON THE PLEADINGS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a liquidation case filed by Defreida Simon Manning, (the Debtor), pursuant to § 301 of the Bankruptcy Code. The matter under consideration is the validity, vel non, of a security interest claimed by Household Finance Company (HFC) on all household furnishings and household goods of the Debtor, all of which were claimed by the Debtor as exempt pursuant to § 522(b)(2)(A) and Art. X, § 4 of the Florida Constitution. The validity of the security interest, which is admittedly a non–purchase money and a non–possessory security interest, is challenged by the Debtor under § 522(f) of the Bankruptcy Code which permits a debtor to avoid such security interest if such lien impairs an exemption to which the debtor would have been entitled under the applicable law. By joint stipulation of the parties, the controlling facts of the matter under consideration are without dispute, thus by agreement, the controversy can be resolved as matter of law without the necessity of presentation of evidence.

On July 7, 1978, the Debtor obtained a loan from HFC and as part of this transaction, granted a security interest in all of her household and personal goods. The secuirty interest admittedly a non–purchase money security interest, was perfected in due course by filing a financing statement. There is no question that the security interest of HFC is subject to the avoidance under § 522(f) of the Code, unless the contention of HFC asserted in defense is accepted and this defense is based on the proposition that since the security interest of HFC was created prior to the enactment and prior to the effective date of the Bankruptcy Code, 11 U.S.C. et seq. to wit: November 6, 1978 and October 1, 1979, the voiding power granted by § 522(f) cannot be applied retroactively, and affect a security interest created by the enactment of the Bankruptcy Code.

The pertinent part of the Code relevant to the matter under consideration provides as follows:

§ 522. *Exemptions*

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption .... if such lien is—

(2) a non–possessory, non–purchase money security interest in any—

(A) household furnishings, household goods, wearing apparel, ...."

There is nothing in § 522(f) which either expressly commands or prohibits the retroactive application of the voiding power granted by the Section. Neither is there anything in the legislative history of the Code which sheds any light on this point. However, there is hardly any doubt that by virtue of the enacting clause of the Bankruptcy Reform Act of 1978, Title IV, § 402(a), Pub.L. 95–598, U.S.Code Cong & Admin.News 1978, p. 5787 Congress intended that the Banruptcy Cde sahll govern all cases filed after September 30, 1979 and in turn touch upon the affect on going contractual relationship, even relationships created prior to the enactment and the affective date of the Code. For instance, it cannot be gainsaid that the special voiding powers granted by the Code to the Trustee, § 544 (power to avoid unperfected or defective liens); by § 545 (power to avoid preferential transfers), were intended to apply retroactively and were designed to reach commercial transactions created prior to the enactment or the effective date of the Code. This is, of course, obvious and appears from the very provisions of these Sections because they both deal with prepetition transactions.

In addition, retroactive application of § 522(f) of the Code is consistent with and supportive of the overall clearly expressed policy aim of the Code, which is to assist debtors to achieve a fresh start in life, unhampered by the pressure and discouragement of pre–existing debts. *H.Rep. No. 95–595, 95th Cong. 1st Sess. (1977) 362 U.S. Code Cong & Admin.News 1978, p. 5787.*

*S.Rep. 95–989, 95th Cong.2d. Sess. (1978) 76, U.S.Code Cong. & Admin.News 1978, p. 5787. See also* Lines v. Fredrick, 400 U.S. 18, 19, 91 S.Ct. 113, 113, 27 L.Ed.2d 124 (1979).

Having concluded that it appears from the overall scheme of the Bankruptcy Reform ACt that all provisions of the Code were intended by Congress to apply retroactively and to govern all rights of parties involved in cases filed after September 30, 1979, the question remains whether a retroactive application of § 522(f) would withstand constitutional scrutiny.

Although states are prohibited from passing laws impairing the obligations of contracts, U.S.Const. Art. 1, § 10, Cl. 1, there is no similar prohibition with respect to laws passed by Congress. In spite of this, however, the substantive due process command of the Constitution has been held to deny the right of Congress to invalidate vested rights created by contracts in specific properties. U.S.Const. Amend. 5.

The leading case on this point is, *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). Although the continuing vitality of *Radford, supra* has been questioned due to some inroads which eroded its broad reach, it has never specifically been overruled.

*Radford, supra* involved the question whether the Frazier–Lemke Act of June 28, 1934, C. 869, 48 Stat. 1289, 11 U.S.C. § 203(5), (a statute granting a mortgage moratorium for farmers) could impair the rights of mortgagees with respect to specific properties, and if it did, whether such action was constitutionally permissbile. Deciding that case largely on substantive due process grounds, the Supreme Court held that because the Frazier–Lemke Act purported to take away rights of the mortgagee in specific real property, it was invalid under the 5th Amendment on substantive due process grounds.

*Radford, supra* was never specifically overruled, thus, it appears that it is still the controlling authority which prohibits retro-

active application of a legislation which impairs rights vested prior to the enactment of the particular legislation. *Radford, supra* involved a real property mortgage which, of course, creates a vested property right in a collateral and deals with a contractual lien interest which has been considered traditionally created through security transactions entered into in good faith. However, if the security interest under scrutiny, albeit, the contractual one, does not represent a mortgage of a real property, but relates to personal property, the value of which is highly questionable to begin with, this Court is not precluded by *Radford, supra* for inquiring into the security agreement's underlying purpose and invalidating it if necessary to promote specific policy aims of Congress. See, *Rutherford Jr. v. Associates Financial Services Co. of Ohio,* 4 B.R. 510 (S.D.Ohio 1980).

Placing the security agreement and the interest it created in this case in proper context, it is evident that the practical aspects and true purpose and effect of this agreement is important. *Rutherford, supra* at 512. There is hardly any doubt that a security interest in household goods, is generally not the motivating force or *sine qua non* behind the loan company's decision to lend money. Rather it is often the case that the security agreement's overriding purpose is to create a strong psychological weapon which can be used by the lender to coerce the Debtor to pay his obligation to reaffirm same in the event it is discharged in bankruptcy. Although such security interests are recognized as "perfectly valid in substantive law ... in bankruptcy thge remedy of enforcement has been negated." *Rutherford, supra* at 513. See also, *In re Beck,* 4 B.R. 661 (C.D.Ill 1980). In order to promote fresh start and rehabilitation of the debtor, Congress, in drafting § 522(f), endeavored to assure that the debtor's exemption would not be nullified by blanket security interests in all of the debtor's personal properties. *In re Head,* 4 B.R. 521 (D.Tenn. 1980) fresh start and avoidance of creditors coercion are designed purposes of § 522(f). *In re Boulton,* 4 B.R. 498 (S.D. Iowa 1980).

In light of the foregoing, this Court is satisfied that the security agreement is unenforceable under § 522(f) and retroactive application of § 522(f) is constitutionally permissible in spite of *Radford, supra.*

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor be, and the same hereby is, granted her Motion for Judgment on the Pleadings invalidating the security interest claimed by HFC in all of the Debtor's household furnishings, goods and wearing apparel pursuant to § 522(f).