In the Matter of Ida B. BAKER, Doris Amber Reynolds, Bradley E. Farrell, and Robin G. Farrell, Steven C. Rice, and June R. Rice, Debtors.

Ida B. BAKER, Plaintiff,

v.

GFC CORPORATION OF MISSOURI, Defendant.

Doris Amber REYNOLDS, Plaintiff,

v.

GFC CORPORATION OF MISSOURI, Defendant.

Bradley E. FARRELL, and Robin G. Farrell, Plaintiffs,

v.

GFC CORPORATION OF KANSAS, Defendant.

Steven C. RICE, and June R. Rice, Plaintiffs,

v.

GFC CORPORATION OF MISSOURI, Defendant.

Bankruptcy Nos. 79–01684–3, 80–00249–3, 80–00659–1 and 80–00869–1–13.

United States Bankruptcy Court, W. D. Missouri, W. D.

July 31, 1980.

F. Coulter deVries, Kansas City, Mo., for debtor/plaintiff, in No. 80–00249–3.

Robert D. Schollars, Kansas City, Mo., for creditor/defendant in No. 80–00249–3.

Joseph H. Ernst, Independence, Mo., for debtor/plaintiff in No. 80–00659–1.

Robert D. Schollars, Kansas City, Mo., for creditor/defendant in No. 80–00659–1.

John R. Stonitsch, Kansas City, Mo., for debtors/plaintiffs in No. 80–00869–1–13.

Robert D. Schollars, Kansas City, Mo., for creditor/defendant in No. 80–00869–1–13.

Daniel C. Hall, Kansas City, Mo., for debtors/plaintiffs in No. 79–01684–3.

Robert D. Schollars, Kansas City, Mo., for creditor/defendant in No. 79–01684–3.

Before FRANK P. BARKER, Jr., Chief Judge, and DENNIS J. STEWART and JOEL PELOFSKY, Bankruptcy Judges, sitting en banc.

ORDER CONSOLIDATING CERTAIN CASES IN WHICH MOTIONS TO AVOID LIENS UNDER 11 U.S.C. § 522(f) HAVE BEEN FILED; ORDER FINDING STATUTE CONSTITUTIONAL AS TO LIENS VESTING PRIOR TO EFFECTIVE DATE OF THE BANKRUPTCY REFORM ACT OF 1978; ORDER GRANTING MOTIONS TO AVOID LIENS

■ In all the cases now at bar, the defendants have raised the issue of the constitutionality of § 522(f) of the Bankruptcy Code, granting debtors the right to avoid judicial liens or nonpossessory nonpurchase money liens on certain property which is exempt under § 522(d) of the Code,[1] as it applies to liens which vested prior to the effective date of the 1978 Bankruptcy Re-

---

1. The relevant provisions of the challenged subsection are as follows: "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien; or (2) a nonpossessory, nonpurchase-money security interest in any—(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; (B) implements, professional books, or tools, of the trade of the debtor or a trade of a dependent of the debtor;

form Act, October 1, 1979.[2] No other defenses are interposed to the respective requests for lien avoidance.[3] Therefore, these cases have a common and decisive issue of law within the meaning of Rule 42 of the Federal Rules of Civil Procedure as it is made applicable in bankruptcy proceedings by Rule 742 of the Rules of Bankruptcy Procedure. Therefore, consonant with the letter and aim of that procedural rule, these actions should be consolidated for the purpose of their determination.

Furthermore, in these cases, consolidation serves a desirable purpose beyond that envisaged by the framers of Rule 42, *supra*, promoting not only an economical use of judicial resources and the obviating of a multiplicity of determinations, but also the uniformity of decision which, in this instance, is necessary to the management of the heavy and increasing caseload of the undersigned court of bankruptcy. For, if each division of this court should make a rule unto itself on the issue now before them, the resulting difference in decision would necessitate the improvisation of differing procedures among divisions of the court to process the respective claims for lien avoidance. This, in view of the great number of cases involved, would greatly tax, if not totally frustrate, the court's ability to administer the current caseload with the necessary optimal efficiency. And it would constitute an obvious apparent defect in the system of justice if a single court should authorize contrary decisions on a single and fundamental issue. Therefore, the cases at bar, which have been filed among the several divisions of the court, will be consolidated for one decision by the court of bankruptcy sitting *en banc*.

Proceeding to an examination of the issue of the constitutionality of § 522(f), *supra*, as applied to liens vesting prior to October 1, 1979, the defendants raised the contention that it constitutes a denial of due process of law, as guaranteed by the Fifth Amendment to the Constitution of the United States. The grounds of unconstitutionality which have been presented successfully to another bankruptcy court—that the statute effects a taking of vested property rights without just compensation in violation of the Fifth Amendment to the Constitution [4] —is ground upon which a finding of unconstitutionality could be predicated, regardless of whether it is applied to security interests vesting before or after the enactment of § 522(f).[5] Furthermore, it is not a ground upon which this court could reasonably find that § 522(f), as applied to liens previously vested, is, as a clear matter of law, unmistakably unconstitutional. For there is no precedent which explicitly holds that granting the creditor an ordinary claim against the estate in bankruptcy, in return for the avoidance of a lien, does not consti-

---

or (C) professionally prescribed health aids for the debtor or a dependent of the debtor."

**2.** Some other cases considering the question have limited the time of pre-Code applicability to the time prior to the date of the passage of the 1978 Bankruptcy Reform Act, November 6, 1978. See *In re Rodrock*, 3 B.R. 629 (Bkrtcy.D. Colo.1980).

**3.** Therefore, it appears that a ruling on the constitutionality issue will be dispositive of the respective requests for lien avoidance.

**4.** See *Louisville Joint Stock Bank v. Radford*, 295 U.S. 555, 601, 55 S.Ct. 854, 868, 79 L.Ed. 1593 (1935), holding that the Frazier-Lemke Act (under the terms of which a debtor might obtain a five-year stay of foreclosure proceedings against a lienholder, at the end of which he might pay an appraised price) "has taken from the bank without compensation, and given to Radford, rights in specific property which are

of substantial value . . . [and therefore] we must hold it void; for the Fifth Amendment commands that, however great the nation's *need, private property shall not be thus taken even for a wholly public use without just compensation.*" The court, in *In re Rodrock, supra* note 2, interpreted *Radford* to hold that "a substantive right in specific property cannot be substantially impaired by legislation enacted after the right has been created without doing violence to the property owner's right to due process." But the safeguards subsequently undertaken to preserve the constitutionality of Frazier-Lemke, the retention of the liens during the bankruptcy proceedings (see *John Hancock Mut. Life Ins. Co. v. Bartels*, 308 U.S. 180, 186, 60 S.Ct. 221, 224, 84 L.Ed. 176 (1939), purported to apply whether the lien vested before or after the effective date of the Act).

**5.** See note 4, *supra*.

tute just and reasonable compensation for the taking of the lien, with respect to personal, as opposed to real, property.

Further, in the cases at bar, the court is not called upon to make any pronouncement upon the on-the-face constitutionality of § 522(f). Rather, it is only requested to rule upon the constitutionality of the statute *as applied* to liens vested prior to its enactment. In accordance with the principle that a court, in ruling on the constitutionality of a congressional enactment, should not issue any broader ruling than is necessary under the circumstances, the theories upon which the court may base its ruling are restricted. The seemingly logical choices are (1) the constitutional provision prohibiting laws which impair the obligation of contract and (2) the *ex post facto* clause. Although the former has been said to apply only against the states and the *ex post facto* clause only to criminal matters [6] —it has been held on still other occasions that the Contract Clause is applicable against the federal government as a part of the due process clause and the *ex post facto* clause applies to forfeitures such as that here involved.[7] Further, both provisions have been applied to prohibit the avoidance of liens which vested prior to the legislative enactment of the avoiding provision.[8] Again, however, neither of the provisions

has ever been applied to strike down, in whole, part, or as applied, a federal statute enacted by the Congress within the scope of its bankruptcy powers.

 When the issue of constitutionality *vel non* is thus not clear, but rather one of grave doubt, as in the cases at bar, a trial court should indulge the presumption of the statute's constitutionality, leaving it to the appellate courts to rule authoritatively upon the question. "[P]robably no presumption is more thoroughly established than the presumption that an enactment by a legislative body does not transcend the powers possessed by that body." *Franklin Process Co. v. Hoosac Mills Corp.*, 8 F.Supp. 552, 562 (D.Mass.1934), and cases there cited. Accordingly, "in consideration of the constitutionality of a statute, all presumptions are in favor of constitutionality, and courts have nothing to do with the wisdom of the law or with the motives which may have actuated its enactment." *United States v. Smith*, 62 F.Supp. 594, 596 (W.D. Mich.1945). Thus, when the issue of constitutionality is in doubt, the trial court should resolve any doubts in favor of constitutionality. "The burden of establishing the unconstitutionality of a statute rests on him who assails it, and doubt as to the constitutionality of an act should always be resolved in its favor." *Thompson v. United*

---

**6.** "Under the bankruptcy power Congress may discharge the debtor's personal obligation, because, unlike the states, it is not prohibited from impairing the obligations of contracts." *Louisville Joint Stock Bank v. Radford, supra* 295 U.S. note 4, at 589, 55 S.Ct. note 4, at 863. "It always has been considered that that which [the ex post facto clause] forbids is penal legislation which imposes or increases criminal punishment for conduct lawful previous to its enactment." *Harisiades v. Shaughnessy*, 342 U.S. 580, 594, 72 S.Ct. 512, 521, 96 L.Ed. 586 (1952).

**7.** "[S]everal authorities have suggested that the analysis employed in Contract Clause cases is also relevant to judicial scrutiny of Congressional enactments under the Due Process Clause." *Nachman Corp. v. Pension Bn. Guaranty Corp.*, 592 F.2d 947, 959 (7th Cir. 1979). And sometimes, it is said that the ex post facto clause applies to forfeitures or civil disabilities which are really criminal penalties in disguise. See e. g., *United States v. An Article of Food*

*Consisting of Cartons of Swordfish*, 395 F.Supp. 1184 (S.D.N.Y.1975).

**8.** See, e. g., *W. B. Worthen Co. v. Thomas*, 292 U.S. 426, 54 S.Ct. 816, 78 L.Ed. 1344 (1934), to the effect that exempting the proceeds of a life insurance policy from liability or seizure under judicial process "applied in the case of debts owing before the exemption was created by the Legislature, constitutes an unwarrantable interference with the obligation of contracts in violation of the constitutional provision." Cf. *Robertson v. Willis*, 77 Cal.App.3d 358, 143 Cal.Rptr. 523 (1978) ("[R]etroactive legislation . . . will be invalid only if it deprives one of vested rights, which are bound to be respected or protected by the state, or if it impairs the obligations of contract. . . . In the area of creditors rights a statute which increases a debtor's exemption is unconstitutional as it applies to the claim of a creditor in existence prior to the law even though the creditor acquired no specific lien at such time.").

*States,* 148 F.Supp. 910, 914, n. 8 (E.D.Pa. 1957). The court of appeals is the proper court to resolve any reasonable doubt outside the presumption. "[A] trial court should not annul an Act of Congress, unless it is in conflict with some plain mandate of the Constitution, and the determination of constitutionality should generally be left to the appellate courts." *United States v. Smith, supra.* "Ordinarily the constitutionality of statutes is reserved to the appellate courts, and when the trial court undertakes to pass upon the question it must be satisfied of the unconstitutionality of the Act beyond a reasonable doubt before so deciding." *Chrestensen v. Valentine,* 34 F.Supp. 596, 598 (S.D.N.Y.1940). "[T]rial courts should limit the exercise of their power to declare acts of Congress unconstitutional to cases in which such unconstitutionality is clear, such power belonging peculiarly to appellate courts." *In re Royal-Wilhelm Furniture Co.,* 23 F.Supp. 993, 994 (W.D. Mich.1938). See also *Mather v. McLaughlin,* 57 F.2d 223 (E.D.Pa.1932). In the light of these venerable principles and authorities, this court is required to observe the presumption of constitutionality in these cases, in which unconstitutionality has not been demonstrated to be free from doubt.[9] It is therefore, for the foregoing reasons,

ORDERED, that the above cases be consolidated for the sole purpose of determining the motions filed therein to avoid liens under 11 U.S.C. § 522(f) where the issue of the constitutionality of said statute has been raised. It is

FURTHER ORDERED, ADJUDGED AND DECREED, that 11 U.S.C. § 522(f) is constitutional as applied to liens vesting prior to the effective date of the Bankruptcy Reform Act of 1978, It is

FURTHER ORDERED, that the motions to avoid liens filed in these cases are granted.

**9.** The Supreme Court of the United States has recently reaffirmed the presumption of constitutionality in *Harris v. McRae,* —— U.S. ——, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980), holding that a classification enjoys a "presumption of constitutional validity [which], however, disap-

pears if a statutory classification is predicated on criteria that are, in a constitutional sense, 'suspect,' the principal example of which is a classification based on race." In the case at bar, there is no "suspect" classification of liens by means of the provisions of § 522(f).