7 B.R. 124 (1980)
In re Dennis Ray OLDHAM and Maria Amelia Oldham, Plaintiffs,
v.
BENEFICIAL FINANCE COMPANY OF NEW MEXICO, a New Mexico Corporation, Defendant,
and
Oscar Arturo CAMPOS and Diva Ernestina Campos, Plaintiffs,
v.
BENEFICIAL FINANCE, Defendant,
and
Mildred Marie BILLMAN, a/k/a Millie, and a/k/a M.M., Plaintiff,
v.
DIAL FINANCE COMPANY OF NEW MEXICO, Defendant.
Bankruptcy Nos. 80-00543J, 80-00559J and 80-00585J, Adv. Nos. 80-0259, 80-0300 and 80-0313.
United States Bankruptcy Court, D. New Mexico.
November 19, 1980.
*125 Brian Babington, Albuquerque, N.M., for Oscar Arturo Campos and Diva Ernestina Campos.
George M. Moore, Albuquerque, N.M., for Dennis Ray Oldham and Maria Amelia Oldham.
Harold D. Stratton, Jr., Albuquerque, N.M., for Beneficial Finance.
James I. Bartholomew, Albuquerque, N.M., for Dial Finance.
Orville C. McCallister, Albuquerque, N.M., for Mildred Marie Billman.
ROBERT A. JOHNSON, Bankruptcy Judge.
The Campos and Oldham cases were consolidated on Motion of defendant and were heard on September 17, 1980. The Billman case was heard on September 22, 1980. Each of the three cases involves a complaint by plaintiff-debtor therein to avoid the fixing of a lien upon household goods pursuant to § 522(f) of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 522(f), and so have been combined for disposition. In each case, the lien in question was created prior to November 6, 1978, the enactment date of the Bankruptcy Reform Act of 1978 (hereinafter, the Code).
The United States Attorney was notified of these claims of unconstitutionality, and has indicated that the United States chooses not to intervene. A similar contention was presented in the United States Bankruptcy Court, Colorado and the United States did intervene there, and is apparently pursuing an appeal to the 10th Circuit Court of Appeals.
The facts in each of the cases are undisputed. Debtors Oscar and Diva Campos entered into a promissory note and security agreement with Beneficial Finance Company on October 9, 1978. The security agreement was secured by household goods of the debtors. Debtors Dennis and Maria Oldham entered into a promissory note and security agreement with Beneficial Finance Company on July 28, 1978. Debtor Mildred Billman entered into a promissory note and security agreement with Dial Finance Company on October 27, 1978.
Section 522(f) of the Code provides, in pertinent part:
(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is 
. . . . .
(2) a nonpossessory, nonpurchase-money security interest in any 
(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; . . .
Defendants in the three cases argue that the avoidance of their respective liens deprives them of their property without due process and therefore the statute providing for such avoidance violates the fifth amendment and is unconstitutional.
The threshold question of whether Congress intended § 522(f) to be applied retroactively, to liens created before the enactment date of November 6, 1978, is answered affirmatively. The Code applies to all bankruptcy petitions filed on and after the Code's effective date of October 1, 1979, [§ 402(a)], but no date limitations here were sent by the Code for creditors' claims or security interests. Retroactivity under the Code is assumed since the date of the filing of the petition is the only determinative date and any liens to be discharged would have to be created prior to the debtor's filing of bankruptcy. Congress had no other intention but that this should be so, in light of the tradition of bankruptcy legislation applying to secured claims and creditors' interests which antedate the date of its enactment. Hoops v. Freedom Finance and Security Industrial Bank, 3 B.R. 635, 6 B.C.D. 273 (Bkrtcy.D.Colo.1980).
The issue of the constitutionality of the statute under the fifth amendment is governed *126 by Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593; reh. denied, 296 U.S. 661, 56 S.Ct. 82, 80 L.Ed. 471 (1935), which found the Frazier-Lemke Act to be inconsistent with the federal constitution. The Frazier-Lemke Act of June 28, 1934, amended the Bankruptcy Act of 1898 but was held unconstitutional because it violated the fifth amendment. The Frazier-Lemke Act (hereinafter the Act) was emergency, depression-era legislation designed to provide relief for insolvent farmers. Subsection (s) of the Act provided in part that a bankrupt farmer could retain possession of all or any part of his mortgaged property for five years by paying a reasonable rental to the mortgagee, paying the value of the property, appraised either at the end or the beginning of the five-year period at the option of the bankrupt. The Act explicitly provided that its provisions applied to existing debts at the time the Act became effective. In Radford, the bank argued that to apply these provisions to its pre-existing mortgage on the Radford farm would violate the fifth amendment. The Court agreed:
The bankruptcy power, like the other great substantive powers of Congress, is subject to the Fifth Amendment. Under the bankruptcy power Congress may discharge the debtor's personal obligation, because, unlike the states, it is not prohibited from impairing the obligations of contracts. [citation omitted]. But the effect of the Act here complained of is not the discharge of Radford's personal obligation. It is the taking of substantive rights in specific property acquired by the bank prior to the Act. In order to determine whether rights of that nature have been taken, we must ascertain what the mortgagee's rights were before the passage of the Act.
295 U.S. at 589-90, 55 S.Ct. at 863.
In two recent, well-reasoned opinions from the United States Bankruptcy Court, District of Colorado, In re Rodrock v. Security Industrial Bank, 3 B.R. 629, 6 B.C.D. 267 (Bkrtcy.D.Colo.1980), and In re Hoops v. Freedom Finance, 3 B.R. 635, 6 B.C.D. 273 (Bkrtcy.D.Colo.1980), Radford was held to support the due process violation claim of § 522(f). In Hoops, the Court held that the Constitution offers no greater protection to mortgages on realty than to other security interests. 3 B.R. 635, 6 B.C.D. at 276, citing Armstrong v. United States, 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960). Commenting on Hoops' allegation that liens on household goods are of insufficient value, Judge Keller noted:
. . . the Court recoils from the notion that dollar value is the measure of due process. A lien is a substantive property right for purposes of the Fifth Amendment, (citation omitted.) If the government destroys it in other than an emergency situation, it violates due process whether the collateral is worth $5 or $5 million.
3 B.R. 635, 6 B.C.D. at 276. The Rodrock court was equally as firm in its support of Radford:

Radford stands for the proposition that a substantive right in specific property cannot be substantially impaired by legislation enacted after the right has been created without doing violence to the property owner's right to due process.
3 B.R. 635, 6 B.C.D. at 268.
In the recent case of In re Baker, 5 B.R. 397, 6 B.C.D. 747 (Bkrtcy.W.D.Mo.1980), the court chose not to decide outright the constitutionality of § 522(f). Instead, it relied, in a case of "grave doubt" of the constitutionality of a statute, on the presumption of § 522(f)'s constitutionality. Reluctant as any court is to declare that any statute is unconstitutional, the Baker court's willingness to leave the resolution of such constitutional issues to appellate courts seems to me to be inappropriate and subject to misinterpretation as an abandonment of its duty.
The directive of Radford is inescapable: the bankruptcy power of Congress is subject to the fifth amendment, and bankruptcy legislation which substantially impairs pre-existing security interests is unconstitutional. In these cases, the proposed application by debtors of § 522(f) would effect an even more substantial impairment than *127 that declared unconstitutional in Radford. Section 522(f) does not merely affect secured claims; it authorizes their complete extinction. Such extinction of liens created before defendants were put on notice by the Code's enactment is impermissible.
Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Complaint of debtors Campos to avoid the lien of Beneficial Finance Company, and the Complaint of debtors Oldham to avoid the lien of Beneficial Finance Company, and the Complaint of Billman to avoid the lien of Dial Finance Company, are each dismissed.