**In re Marvin Theodore CARNES aka Marvin T. Carnes and Patsy Pearl Carnes aka Pat Carnes dba Crescent Built Trailers, Debtors.**

**CASHION COMMUNITY BANK OF CASHION, OKLAHOMA, Plaintiff,**

v.

**Marvin Theodore CARNES and Patsy Pearl Carnes, Defendants.**

**Bankruptcy No. Bk–80–00610.**
**Adv. No. 80–0220.**

United States Bankruptcy Court,
W. D. Oklahoma.

Jan. 30, 1981.

Jeff L. Hirzel, Guthrie, Okl., for plaintiff.

Harold Logsdon, Kingfisher, Okl., for debtors.

## MEMORANDUM ORDER

DAVID KLINE, Bankruptcy Judge.

### STATEMENT

The plaintiff, Cashion Community Bank of Cashion, Oklahoma, represented by Jeff L. Hirzel brought this action to gain possession of certain "tools of the trade" which debtors Marvin Theodore and Patsy Pearl Carnes, represented by Harold Logsdon, have claimed as exempt and seek to retain under Code § 522(f).

### ISSUE

Can a non-possessory and non-purchase money security interest in tools of the trade be avoided under Code § 522(f) where a security interest was created in such tools prior to the Code's effective date but where such tools were the object of a renewal note and security agreement after the Code's effective date.

### FACTS

1) On September 29, 1976, the debtor delivered a promissory note and executed a security agreement in favor of the plaintiff bank. A proper filing (UCC–1) was made in the County Clerk's Office of Oklahoma County, Oklahoma. The security agreement covered "all machinery and equipment now owned or hereafter acquired." The note was renewed several times by the debtors and the security agreement contained basically the same language. Subsequently a few other items were listed on the security agreement, such as the security agreement and promissory note dated December 12, 1978.

2) On September 29, 1976 the defendant Marvin Carnes gave a promissory note to the plaintiff bank for $13,432.44 which was

secured by all machinery and equipment now owned and hereafter acquired. The note contained a security agreement and a UCC–1 financing statement was filed with the County Clerk of Oklahoma County.

3) On December 12, 1978 the debtor executed another promissory note and security agreement renewing the earlier note and agreement and was secured by "all shop tools, and equipment now owned, or hereafter acquired, including but not limited to a drill press, lathe, air compressor and hand shear." Additional personal property was included on the security agreement and the note totaled $13,667.44. A UCC–1 financing statement was appropriately filed of record in Oklahoma County, Oklahoma.

4) On January 25, 1980 the debtors Marvin Carnes and Pat Carnes executed a new promissory note and security agreement for $14,334.45, wherein the makers pledged all inventory, equipment, and machinery now owned or hereafter acquired, along with two vehicles. At such time the debtors gave a list showing the date January 25, 1980 which contained all the equipment listed on previous notes. Moreover, a UCC–1 financing statement was recorded in Oklahoma County, covering all equipment, inventory, and machinery now owned or hereafter acquired.

5) The trustee herein has disclaimed all listed equipment and inventory as burdensome property but the debtors have refused to return those items which they identify as "tools of the trade."

6) The controverted "tools of the trade" are: band saw; cutoff saw (homemade); spray gun and hose; shearer (old); one welder; torch; air compressor; Lincoln welder; homemade hoist; jigs; miscellaneous small hand tools.

### LAW

■ Although there are a number of conflicting opinions at the bankruptcy court level, this court has ruled that there can be no retroactive application of § 522(f) as to the avoidance of non-possessory and non-purchase money security interests in those specially defined goods of Code § 522(f)(2) including "tools of the trade of the debtor". Read *In re Seiler*, 8 B.R. 542, —— BCD —— (WD Okl.1981); *In re Pierce*, 4 B.R. 671, 6 BCD 484 (Bkrtcy. WD Okl.1980); *In re Hawley*, 4 B.R. 147, 6 BCD 365 (Bkrtcy. D Or.1980); *In re Rodrock*, 3 B.R. 629, 6 BCD 267 (Bkrtcy. D Colo.1980); *In re Hoops*, 3 B.R. 635, 6 BCD 273 (Bkrtcy. D Colo.1980); *In re Jackson*, 4 B.R. 293, 6 BCD 612 (Bkrtcy. D Colo.1980); *In re Lucero*, 4 B.R. 659, 6 BCD 477 (Bkrtcy. DC Colo.1980). But see *In re Beck*, 4 B.R. 661, 6 BCD 491 (Bkrtcy. D Ill.1980); *In re Ambrose*, 4 B.R. 395, 6 BCD 454 (Bkrtcy. ND Ohio 1980); *In re Head*, 4 B.R. 521, 6 BCD 489 (Bkrtcy. D Tenn.1980). Also read *In re Baker*, 5 B.R. 397, 6 BCD 747 (Bkrtcy. WD Mo.1980).

■ The rationale of this district's rule of law is that it would offend Fifth Amendment "due process" to superimpose the avoiding power on contracts made prior to October 1, 1979, the Code's identified effective date. See Code § 402(a). However, where as here, there was a new note and security agreement executed subsequent to the Code's effective date, all parties were chargeable with notice of the applicable avoiding authority of § 522(f) and fairly are subject thereto. Accordingly it is hereby

ORDERED that plaintiff's lien on the previously listed "tools of the trade" which the debtors have claimed by way of exemption is hereby avoided, but it is to be understood and

FURTHER ORDERED that the plaintiff's security interest in all other personal property set forth in the agreement of January 25, 1980 remains unaffected.