In re Leroy **ALSTON** and wife, Rosa L. Alston, Debtors.

Leroy **ALSTON** and wife, Rosa L. Alston, Plaintiffs,

v.

**CITY FINANCE COMPANY OF TENNESSEE, INC.,** North Third Branch, Memphis, Tennessee, Defendant.

Bankruptcy No. 80–21902.
Adv. No. 80–0383.

United States Bankruptcy Court, W. D. Tennessee, W. D.

April 13, 1981.

M. J. Brode, Memphis, Tenn., for plaintiffs.

W. Ray Jamieson, Memphis, Tenn., for defendant.

W. Hickman Ewing, Jr., U. S. Atty., Robert M. Williams, Jr., Asst. U. S. Atty., Memphis, Tenn., for the United States.

## MEMORANDUM AND ORDER

DAVID S. KENNEDY, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint filed by the plaintiffs, Leroy Alston and wife, Rosa L. Alston, the above-named Chapter 7 debtors ("Debtors"), seeking to avoid the nonpossessory, nonpurchase-money lien of the defendant, City Finance Company of Tennessee, Inc., North Third Branch, Memphis, Tennessee ("City Finance"), in certain household goods and appliances, pursuant to 11 U.S.C. Section 522(f)(2)(A).

The relevant facts are undisputed. Moreover, the parties have stipulated to and submitted the facts to the Court for judicial determination. Briefly stated, as set forth in "Stipulation Of Facts", the Debtors made a series of nonpurchase-money loans with City Finance as follows:

On April 20, 1976, the Debtors made a loan with City Finance and received approximately $508.66 in cash; and on April 23, 1976, City Finance perfected its nonpossessory, nonpurchase-money security interest in the Debtors' household goods and appliances by filing a financing statement in accordance with the requirements of Tennessee Code Annotated Section 47–9–401(1)(c).

On three (3) occasions thereafter, City Finance and the Debtors refinanced or "flipped" [1] the account as follows:

On November 10, 1976, the Debtors made a second loan with City Finance in the amount of $3,096.00. Debtors paid off the net balance remaining on the first loan and pledged as collateral their household goods and appliances. Debtors actually received $1,329.00. City Finance did not refile and relied upon the prior financing statement.

On April 5, 1978, the Debtors made a third loan with City Finance in the amount of $3,168.00. Debtors paid off the net balance remaining on the second loan. Debtors actually received approximately $202.20 and pledged their household goods and appliances as collateral. City Finance did not refile and relied upon the original financing statement.

On November 29, 1979, the Debtors made a fourth loan with City Finance in the amount of $3060.00 and paid off the net balance remaining on the third loan. Debtors actually received $568.18 and pledged their household goods and appliances as collateral. On December 5, 1979, City Finance perfected its nonpossessory, nonpurchase-money security interest in the Debtors' household goods and appliances by filing a financing statement in accordance with the requirements of Tennessee Code Annotated Section 47–9–401(1)(c).

Subsequently, the Debtors filed their petition under Chapter 7 of the Bankruptcy Code and scheduled City Finance as a holder of a secured claim. Debtors claimed exemptions under applicable state law in the household goods and appliances in question. No objections were filed to the Debtors' claimed exemptions (and this is not an issue here).

Thereafter, the Debtors filed the instant complaint to avoid the lien on the household goods and appliances pursuant to 11 U.S.C. Section 522(f)(2)(A). City Finance filed an original and amended answer contending, inter alia, that an avoidance of its lien under the circumstances would be an "unconstitutional denial of due process of law".

The United States of America was then properly noticed and afforded an opportuni-

---

1. In *In re Ellis*, 1 B.C.D. 798, 800 (S.D.N.Y. 1975), the Court held, inter alia, that the renewal of an existing loan in connection with an extension of new credit is "flipping"; and the renewal of credit was granted for the convenience of the lender to avoid violations of interest charges under the Small Loan Act.

ty to intervene.[2] The United States of America, through the Office of the United States Attorney for this Judicial District, intervened in this adversary proceeding and presented oral argument and filed a legal brief in support of the constitutionality of Section 522(f) of the Bankruptcy Code.

The ultimate issue for judicial determination in the instant adversary proceeding is whether the nonpossessory, nonpurchase-money, security interest can be constitutionally avoided by the Debtors under Section 522(f)(2)(A) of the Bankruptcy Code where the nonpurchase-money, nonpossessory security interest was originally created and properly perfected in the household goods and appliances prior to the Code's enactment date (i. e. November 6, 1978) but where a refinancing agreement was entered into and a new security interest was perfected after the effective date of the Code (i. e. October 1, 1979).

Debtors and the United States of America contend:

(1) that under the circumstances the loan of November 29, 1979, constituted a "novation" and thereby created a new debt and new security interest in the household goods and appliances as of that date, and

(2) that Section 522(f) of the Code is constitutional even if the nonpossessory, non-purchase-money security interest was created and perfected prior to the enactment date of the Code.[3]

City Finance contends that because its original lien on the Debtors' household goods and appliances was attached and perfected prior to the enactment date of the Code, the retroactive application of Section 522(f) to its lien would violate the due process clause of the Fifth Amendment. City Finance denies that the status of its lien is changed by merely refinancing it.

Article 1, Section 8, Clause 4 of the Constitution of the United States grants to Congress the power to establish "uniform laws on the subject of Bankruptcies throughout the United States".

11 U.S.C. Section 522(f)(2)(A) provides as follows:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

\* \* \* \* \* \*

"(2) a nonpossessory, nonpurchase-money security in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."

Bkr.L.Ed., Legislative History, Section 82:17, page 374, provides in pertinent part, as follows:

"Subsection (f) protects the debtor's exemptions, his discharge, and thus his fresh start, by permitting him to . . . avoid a nonpurchase money security interest in certain household and personal goods. The avoiding power is independent of any of exemptions." U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862; House Report No. 95–595, 95th Cong. 1st Sess. (1977) 362.

In *In re Jones*, 5 B.R. 655 (Bkrtcy.M.D.N.C.1980), the Court considered the effect of refinancing by a purchase-money lender[4] at p. 656:

"On four occasions thereafter . . . the Debtors and the creditor refinanced or 'flipped' the account in order to cure a delinquency and bring the account current. Each refinancing resulted in the opening of a new account with the old

---

**2.** 28 U.S.C. Section 2403.

**3.** Citing *Usery v. Turner Elkhorn Mining Company*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1975); *In re Ambrose*, infra; *In re Rutherford*, infra.

**4.** In the instant case, City Finance is a nonpurchase-money lender; however, it appears that the difference is without distinction here.

account being marked 'paid by renewal'. . . . Each renewal note retained the identical collateral used to secure the refinanced note and advanced a sum of additional money. The sums advanced plus the amounts used to pay off the prior note never exceeded the sums of the original obligation."

In In re Jones, supra, the Court held that the purchase-money character of the original lien was discharged by the advancement of additional sums and refinancing of the note. The Court suggested that the first refinancing, without regard to any further advances, ended the purchase money character of the debt and held the lender strictly to the form of the transaction. The new loan did not, inter alia, fit the strict purchase money definition in U.C.C. Section 9–107(b). See also In re Mulcahy, 3 B.R. 454 (Bkrtcy.S.D.Ind.1980).

It appears under the reasoning of In re Jones, supra, that the loans in the instant case would be treated as entirely new loans which would place City Finance's security interest clearly within the avoiding authority of Section 522(f)(2)(A) of the Code. See also, In re Carnes, 8 B.R. 599, C.C.H.Bankr. L.R., Para. 67,827 (Bkrtcy.W.D.Okl.1981).

■ This Court is in substantial agreement with the reasoning in In re Jones, supra. Under a totality of the particular facts and circumstances presented and argued, this Court will avoid the nonpossessory, nonpurchase-money security interest of City Finance as the new lien on the household goods and appliances in question was created and perfected subsequent to the effective date of the Code—i. e. a new loan was entered into after the effective date of the Code. Since the refinancing agreement was executed subsequent to the Code's effective date, City Finance is chargeable with notice of the applicable avoiding authority of Section 522(f) and is subject thereof. See Section 101 of Pub.L. 95–598, Title I, Nov. 6, 1978, 92 Stat. 2549; 11 U.S.C. Section 403(a); see also, In re Prima Co., 88 F.2d 785 (CCA 7th Cir. 1937); In re Head, 4 B.R. 521 (Bkrtcy.E.D.Tenn.1980); In re Carnes, supra.

■ This Court finds that the provisions of Section 522(f)(2)(A) of the Bankruptcy Code are clearly constitutional as applied to the facts and circumstances of the instant adversary proceeding as said provisions are being applied prospectively only. Congress intended that the substantive provisions of the code would apply to all cases filed after October 1, 1979. 11 U.S.C. Section 403(a); House Report, supra, at 459. The constitutionality of Section 522(f) as applied to security interests arising prior to the enactment date [5] or arising between the enactment date and the effective date [6] of the Code is not now, under the circumstances, an issue before this Court.

This memorandum shall constitute Findings of Fact and Conclusions of Law under Bankruptcy Rule 752.

In accordance with the foregoing Memorandum entered contemporaneously herewith:

IT IS, ORDERED, ADJUDGED AND DECREED:

1. That the security interest of the defendant, City Finance Company of Tennessee, Inc., North Third Branch, in the household goods and appliances of the plaintiffs, Leroy Alston and wife, Rosa L. Alston, is avoided pursuant to 11 U.S.C. Section 522(f)(2)(A).

2. That City Finance shall furnish the Debtors with the necessary documents releasing the avoided security interest.

3. That the Debtors shall retain the household goods and appliances as exempt

---

5. See, In re Ambrose, 4 B.R. 395 (Bkrtcy.Ohio 1980); In re Curry, 5 B.R. 282 (Bkrtcy.Ohio 1980); In re Rutherford, 4 B.R. 510, 2 C.B.C.2d 728 (Bkrtcy.Ohio 1980); In re Baker, et al., 5 B.R. 397, 2 C.B.C.2d 844 (Bankr.Ct.Mo.1980); cf. In re Pierce, 4 B.R. 671 (Bkrtcy.Okl.1980); In re Hoops, 3 B.R. 635 (Bkrtcy.Colo.1980); Rodrock v. Security Industrial Bank, 3 B.R. 629 (Bkrtcy.Colo.1980); Hawley v. Avco Financial Services of Oregon, Inc., 4 B.R. 147 (Bkrtcy.Or. 1980); In re Jackson, 4 B.R. 293 (Bkrtcy.Colo. 1980).

6. See, In re Head, supra.

property free of City Finance's avoided security interest.

4. That the provisions of Section 522(f)(2)(A) of the Bankruptcy Code are constitutional as applied to the facts and circumstances of this adversary proceeding.