In re Thomas M. HOWISON, Debtor.

**SOUTHERN DISCOUNT COMPANY,**
**Plaintiff,**

v.

**Thomas M. HOWISON and William**
**Roemelmeyer, Defendants.**

Bankruptcy No. 80–00815–BKC–JAG.

Adv. No. 80–0308–BKC–JAG–A.

United States Bankruptcy Court,
S. D. Florida.

April 24, 1981.

Bruce Boiko, Leonard Frishman, P. A., Coral Gables, Fla., for debtor-defendants.

Elliot L. Miller, Miami, Fla., for plaintiff.

William R. Roemelmeyer, Miami Shores, Fla., Trustee.

### FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

This adversary proceeding was commenced on the complaint of Southern Discount Company against Thomas M. Howison, debtor, and William Roemelmeyer, trustee, seeking to determine the validity and seeking enforcement of its security interest in household goods of the debtor. Defendant Howison filed an answer and counterclaim asserting his right to avoid the lien under 11 U.S.C. § 522(f)(2) which provides, in pertinent part, that a debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled, if the lien is a nonpossessory non-purchase money-security interest in household furnishings, household goods or appliances that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

At trial the parties stipulated to the fact that the security interest was a nonpossessory non-purchase money-security interest in household goods and furniture of the debtor, and that it was perfected in June, 1978. Howison admitted that the unpaid

principal remaining after his last payment (the February 12, 1980 payment) was $421.15, and that interest accrues at the rate of $.35 per day. (Answer to Request for Admissions, C.P.No. 8). The only substantive legal issue remaining at the conclusion of the trial was whether § 522(f) could constitutionally be applied on these facts to avoid Southern Discount's lien. The U.S. Attorney General was notified of the challenge to the statute, but declined to intervene.

The Bankruptcy Reform Act, which created the avoidance right of § 522(f), was enacted on November 6, 1978 and became effective on October 1, 1979. Thus Southern Discount's lien was perfected prior to the enactment of § 522, and it is the retroactive application of the section which is particularly alleged to be unconstitutional.

A number of bankruptcy courts have confronted the issue of the constitutionality of § 522(f) as applied to avoid liens of secured creditors whose liens were perfected prior to enactment of the Bankruptcy Code. One appellate court, the Tenth Circuit Court of Appeals, in *Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (1981) (hereinafter "Rodrock"), has ruled that this section of the statute is unconstitutional in such cases. All other decisions of which this court is aware are bankruptcy court cases. The following are ones in which the court declined to find § 522(f) unconstitutional: *In re Middleton*, 7 B.R. 3 (Bkrtcy.Ct.N.D.Ga.1980); *Fisher v. Liberty Loan Corporation*, 6 B.R. 206 (Bkrtcy.Ct.N.D.Ohio 1980); *Baker v. GFC Corporation of Missouri*, 5 B.R. 397, 6 B.C.D. 747, 2 C.B.C.2d 844 (Bkrtcy.Ct.W.D. Mo.1980); *Boulton v. General Finance Loan Corporation of Iowa*, 4 B.R. 498 (Bkrtcy.Ct. S.D.Iowa 1980); *Ambrose v. Centran Bank of Akron*, 4 B.R. 395, 6 B.C.D. 454, 2 C.B. C.2d 267 (Bkrtcy.Ct.N.D.Ohio 1980); *Curry v. Associates Financial Services*, 5 B.R. 282, 2 C.B.C.2d 710 (Bkrtcy.Ct.N.D.Ohio 1980); *Rutherford v. Associates Financial Services Company of Ohio*, 4 B.R. 510, 2 C.B.C.2d 728 (Bkrtcy.Ct.S.D.Ohio 1980).

In *Hawley v. Avco Financial Services of Oregon, Inc.*, 4 B.R. 147, 6 B.C.D. 365 (Bkrtcy.Ct.D.Or.1980), the court concluded that § 522(f) *was* unconstitutional and it did not permit avoidance of liens perfected prior to enactment of the Bankruptcy Code. Most of the other cases disposing of this issue arose in the Tenth Circuit and *Rodrock* is now the applicable law throughout that jurisdiction.

Although Congress has express constitutional authority to establish bankruptcy laws, that power is subject to the Due Process Clause of the Fifth Amendment. In *Louisville Joint Stock Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) (hereinafter "Radford"), the Supreme Court found unconstitutional the Frazier-Lemke Act, an amendment to the Bankruptcy Act which substantially modified the rights of mortgagees to foreclose on farmers. The court held that a retrospective application of a bankruptcy statute which destroys vested property rights violates due process.

Southern Discount's security interest which is sought to be avoided by the debtor here under § 522(f) was perfected prior to the enactment of that section. Permitting an avoidance of the lien would deprive the creditor of its right to foreclose on specific collateral, and is arguably a retrospective application of a bankruptcy statute destroying vested property rights which is violative of due process under *Radford*.

Were it not for the decision of the Tenth Circuit Court of Appeals in *Rodrock*, this court would find it extremely difficult to choose between the cases holding the retroactive application of § 522(f) to be constitutional and those holding it to be unconstitutional since both lines of cases present virtually equally compelling support for their respective positions. This court is not necessarily bound by a court of appeals decision outside the Fifth Circuit and would not follow it on a matter in which this court had a strong contrary view. However, the question is so close in my mind that I feel constrained to follow the decision of the Tenth Circuit in *Rodrock* and to hold the retroactive application of § 522(f) to be unconstitutional in this case.

The debtor therefore will not be permitted to avoid the lien of plaintiff Southern Discount Company in the principal amount of $421.15 plus interest from the last payment, and the stay imposed under 11 U.S.C. § 362 will be lifted to permit plaintiff to pursue its remedies.

In accordance with Bankruptcy Rule 921(a), a separate Judgment incorporating these Findings and Conclusions is being entered this date.