In re John Cruz YPARREA and Louise Annette Yparrea, Plaintiffs,

v.

ROSWELL PRODUCTION CREDIT ASSOCIATION, Defendant.

Mary Eileen Loyd WATT, Plaintiff,

v.

AETNA FINANCE COMPANY, Defendant.

William A. BURNETT and Carol J. Burnett, Plaintiffs,

v.

BENEFICIAL FINANCE COMPANY, Defendant.

Rudolfo v. HERNANDEZ and Victoria A. Hernandez, Plaintiffs,

v.

BENEFICIAL FINANCE COMPANY, Defendant.

Bankruptcy Nos. 80–00899J, 80–00689P, 80–00664J and 80–00583P.
Adv. Nos. 80–0401J, 80–0487P, 80–0303J and 80–0306P.

United States Bankruptcy Court, D. New Mexico.

July, 8, 1981.

Robert I. Waldman, Roswell, N. M., for John Cruz Yparrea and Louise Annette Yparrea.

T. Sanders, Roswell, N. M., for Roswell Production Credit Association.

Mark B. McFeeley, Santa Fe, N. M., for Mary Eileen Loyd Watt.

John T. Fitzpatrick, Albuquerque, N. M., for Aetna Finance Co.

Brian Babington, Hobbs, N. M., for William A. Burnett, Carol J. Burnett, Rudolfo V. Hernandez and Victoria A. Hernandez.

Harold D. Stratton, Jr., Albuquerque, N. M., for Beneficial Finance Co.

OPINION

ROBERT A. JOHNSON and LOUIS PUCCINI, Jr., Bankruptcy Judges.

These cases have been consolidated for the resolution of an issue common to each: the constitutionality of § 522(f) of the

Bankruptcy Reform Act of 1978 ("the Code") as applied to liens created in the period between the enactment of the Code on November 6, 1978, and its effective date of October 1, 1979 ("gap liens"). The other issues in each case will be addressed by the respective judge in a separate opinion.

Plaintiffs in each case argue that gap liens may be avoided under § 522(f). Defendants raise two issues: 1) the Code should not be retroactively applied, and 2) even if so applied, the result violates the fifth amendment to the United States Constitution by depriving each creditor of its property without due process. They argue further that statutory construction of the Code's effective date requires that § 522(f) be given effect only to liens created after October 1, 1979. Plaintiffs state that the substantive portions of the Code were to apply to *all cases* filed after October 1, 1979, H.R.Rep.No.595, 95th Cong., 2nd Sess. 459 (1978), U.S.Code Cong. & Admin.News, 5787, and that the success of defendants' theory on the effective date would defeat the Code's stated application to all cases. They reason further that once the Code was enacted in late 1978, a creditor is charged with notice of its provisions and no due process violation occurs.

The threshold question of whether Congress intended the Code to apply retroactively is answered affirmatively. The Tenth Circuit held the Code retroactive in *Rodrock v. Security Industrial Park*, 642 F.2d 1193, 7 B.C.D. 344 (10th Cir. 1981), by concluding that a holding of non-retroactivity of the Code would result in no bankruptcy law applicable to security interests incurred by a debtor who filed after October 1, 1979, but that were created prior to that date. The Court concluded further that Congress had not intended "such a no-man's land." *Id.* at 1197, 7 B.C.D. at 347. *Accord, Oldham v. Beneficial Finance Co.*, 7 B.R. 124 (Bkrtcy.D.N.M.1980). This inherent retroactivity of the Code defeats defendants' argument on the Code's effective date.

Since the Code is to be applied retroactively, we must address the question of the constitutionality of § 522(f). As applied to liens created before the enactment of the Code on November 6, 1978, § 522(f) is unconstitutional because the property rights of lienholders are taken from them without due process, i. e., notice of the voiding powers bestowed by debtors by the Code. *Oldham*, 7 B.R. at 125. This resolution leads to the question of whether creditors can be charged on November 6, 1978, with notice of the Code's newly enacted lien avoidance provisions. We find that the creditors are indeed on constructive notice of the Code's provisions at the date of its enactment. *Seltzer v. General Finance Corp.*, 7 B.R. 80, 82 (Bkrtcy.D.Colo.1980).

This charging of the defendants with awareness of the Code's provisions at their enactment may, at first glance, seem to be harsh, especially in light of the general rule that a statute is effective at the date of its enactment unless it recites within its own provisions a later effective date, in which case, the designated effective date governs. However, since in this situation the statute was designed and intended to apply to liens created before the October 1, 1979, date upon which the general statute took effect, there would appear no rational alternative to the enactment date as the appropriate date after which the lien avoidance provisions would operate. This would seem the only date which could be chosen to permit the constitutional application of the lien avoidance provisions.

This result follows what is becoming the view taken in the clear majority of the reported cases. *In re Bruntz*, 10 B.R. 444 (Bkrtcy.D.Iowa 1981); *In re Webber*, 7 B.R. 580 (Bkrtcy.D.Or.1980); *In re Sweeney*, 7 B.R. 814 (Bkrtcy.E.D.Wis.1980); *In re Head*, 4 B.R. 521 (Bkrtcy.E.D.Tenn.1980); *In re Steinart*, 4 B.R. 354 (Bkrtcy.W.D.La. 1980), *Contra, In re Bibb*, 10 B.R. 40 (Bkrtcy.E.D.Mich.1981); *In re Lucero*, 4 B.R. 659 (Bkrtcy.D.Colo.1980). Obviously, some consistency between districts is desirable in the interpretation of a federal statute.

The Code as a whole governs any debtor who files a bankruptcy petition on or after October 1, 1979. Since its inherent retroactivity requires the Code to be applied to debts, liens and other obligations incurred

by the debtor before the filing, the creditor must be held to be on constructive notice of the retroactivity of the Code itself as well as of its substantive provisions. A standard of actual notice of the Code's lien avoidance provisions would invite for the Court at least confusion and ambiguity, as well as fiction, and perhaps even perjury. To recognize that the Code's lien avoidance provisions apply to the period of time after its enactment but not to hold the public aware of such provisions is a contradiction which ought to be avoided. *Accord, Seltzer*, 7 B.R. 80.

Therefore, the avoidance by debtors herein of liens created during the period between November 6, 1978, and October 1, 1979, is each, and the same shall be hereby, granted. Any lien created on November 6, 1978, whether before or after the actual moment of enactment by Congress, may be avoided since any act of lawmaking is effective from the beginning of the day of the lawmaking. *See, United States v. Will*, 449 U.S. 200, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980).