**In re John Cruz YPARREA and Louise Annette Yparrea, Debtors.**

**John Cruz YPARREA and Louise Annette Yparrea, Plaintiffs,**

v.

**ROSWELL PRODUCTION CREDIT ASSOCIATION, Defendant.**

**Bankruptcy No. 80–008990.**
**Adv. No. 80–0401.**

United States Bankruptcy Court, D. New Mexico.

Oct. 26, 1981.

See also, Bkrtcy., 12 B.R. 661.

Robert Waldman, Roswell, N. M., for John Cruz and Louise Annette Yparrea.

T. T. Sanders, Jr., Roswell, N. M., for Roswell Production Credit Association.

### MEMORANDUM OPINION

ROBERT A. JOHNSON, Bankruptcy Judge.

This cause came on to be heard on November 13, 1980, in the United States District Courthouse, Roswell, New Mexico, on debtors-plaintiffs' complaint to avoid defendant's security interest in debtors' farm equipment. Debtors rely on 11 U.S.C. § 522(f)(2)(B) (1978) to seek to avoid the lien which secures equipment allegedly exempt and within the statutory designation of "implements" or "tools of the trade." Defendant opposes the lien avoidance because 1) debtors have elected the state exemption provisions which require an exemption waiver on personal property used as security and are therefore estopped from seeking to avoid liens under the federal statute, 2) this lien was created after the enactment but before the effective date of the Bankruptcy Reform Act of 1978 (the Code) and therefore may not be constitutionally avoided, and 3) this property is neither "implements" nor "tools of the trade."

The Code requires an individual debtor to make either a state exemption election or a federal exemption election. 11 U.S.C. § 522(b)(2)(A) (1978). But once that election has been made, the remaining code

provisions relating to exemptions apply. See, *e.g.* 11 U.S.C. § 522(f)(2)(B) (1978). Therefore, the debtors in this action may elect the New Mexico state exemptions and also seek to avoid liens against that exempt property under the federal provision.

■ The Production Credit Association (PCA) argues that the Yparreas may not take advantage of the lien avoidance provisions of 11 U.S.C. § 522(b) (1978) because the property is not exempt under state law. The pertinent state statute provides:

. Personal property used as a security under the Uniform Commercial Code is not exempt.

A secured creditor who has personal property of the debtor as security as provided by the Uniform Commercial Code (55–1–11 to 55–9–507 NMSA 1978) may proceed according to the terms of the security instrument and the Uniform Commercial Code. The debtor cannot exempt personal property given to a secured creditor as security unless there be more property than is necessary to pay the debt to the secured creditor. The debtor may claim an exemption out of the surplus.

N.M.Stat.Ann. § 42–10–6 (1978). Such a holding in favor of the state statute ignores the policy of the federal bankruptcy law of giving debtors a fresh start, H.R.No.95–595, 95th Cong., 1st Sess. (1977) 366–7; S.R.95–989, 95th Cong., 2d Sess. (1978) 81, U.S.Code Cong. & Admin.News 1978, p. 5787, and undermines the purpose of § 522(f), which was designed to protect debtors from a security agreement on certain items. If the document itself, or a state statute, could keep the federal Bankruptcy Code from coming into play, the congressional purpose would be easily and effectively thwarted. This possible frustration of the Code's purpose was anticipated by the drafters of the statute in their phrase "notwithstanding any waiver of exemption." 11 U.S.C.

§ 522(f) (1978). No waiver,[1] whether contractual or statutory, can defeat the overriding federal policy. Therefore, the otherwise exempt status under federal statute of the property held as collateral for PCA's note is not affected by state provisions to the contrary and PCA's argument must fall. *In re Hill*, 4 B.R. 310, 6 B.C.D. 307 (Bkrtcy. N.D.Ohio 1980). A contrary interpretation of the statute would result in virtually no cases in which any liens could be avoided under § 522(f). If § 522(f) is to have any usefulness for debtors, it must take priority over such state statutes as § 42–10–6, NMSA (1978).

The constitutionality of this section under the fifth amendment to the United States Constitution is determined by the date of the lien. If perfected before November 6, 1978, the date of the Code's enactment, the lien may not be avoided. *Oldham v. Beneficial Finance Co.*, 7 B.R. 124 (Bkrtcy.D.N.M. 1980). But after Congress' action on November 6, 1978, creditors are on notice that their liens may be avoided and the constitutional barrier of due process fails. A full explanation of this lien avoidance issue may be found in *Yparrea v. Roswell Production Credit Association*, 12 B.R. 661 (Bkrtcy.D.N. M.1981), this Court's separate opinion consolidated with cases of Judge Puccini for the resolution of that issue. Thus, the lien in this case, created on June 5, 1979, was held to be constitutionally avoided by the debtor under 11 U.S.C. § 522(f)(2)(B) (1978).

■ Section 522(f)(2)(B) allows the avoidance of liens upon tools-of-the-trade or implements to the extent that they impair exempt property, while § 522(d)(6) grants a tools-of-the-trade or implements exemption to an amount of $750.00. The effect, then, is to impose a limit of $750.00 on any implements or tools-of-the-trade lien which may be avoided under 11 U.S.C. § 522(f)(2)(B) (1978). The value of the tools sought to be exempted by a debtor would presumably be determined at the time of the filing of the petition.

---

1. Technically, of course, the state statute is not a "waiver" of the exemption, although a similar N.M. Statute relating to homestead exemptions claimed in real property provides that the statute does not apply where a real estate mortgage is executed. N.M.Stat.Ann. § 42–10–11 (1978). So here, the execution of the security agreement, by force of the statute, should be considered a "waiver" of the claim of exemption for the purposes of 11 U.S.C. § 522.

Similarly, by virtue of Chapter 113 of the 1981 Session Laws, the New Mexico legislature has adopted the sum of $1,500.00 as a limit on implements and tools-of-the-trade exemptions under the state exemption statutes. N.M.Stat.Ann. § 42–10–2 (1981). Such action creates a difference in the amount of exemptions for implements or tools of the trade under the state and federal exemption statutes. Such a difference, though, is not uncommon between state and federal exemptions, and commonly represents a significant factor in a debtor's choice of exemptions. Some state statutes may still read as New Mexico's formerly did, and thus create an unlimited exemption for tools of the trade.

The farm machinery the debtors seek to claim exempt here is large in size and valued at approximately $30,000. Although such machinery is known in common parlance as farm implements, the Code's legislative history does not distinguish between the words "implements" and "tools of the trade." The comma after the word "tools" suggests that the proper construction of the word "implements" is to equate it with hand tools and small implements. We need not evolve here a precise definition as to which of all various implements and tools may be held exempt. Black's Law Dictionary indicates that rakes, hoes, and shovels are contemplated by the term. Suffice it to say that farm machinery of this physical size and value is not contemplated by the Code to be exempt in its entirety nor may a lien against such machinery be avoided to the extent of a statutory dollar amount.

There is no indication that Congress intended that, when a farmer who had pledged large items of equipment such as this for collateral defaulted and filed bankruptcy, the financing agency would make him a gift of the amount of the claimed exemption. The consequences of such a ruling to the financing institution should not be lightly brushed aside. From what appears here, a rather full loan was made to Yparrea in order to permit him to commence his farming operations. If Yparrea were to be successful now in holding this property exempt, PCA would have to ad-vance the funds for the exemption and decrease its security on the collateral. Nothing in the legislative history persuades me that Congress intended to permit the exemption to be claimed in such a place of equipment as is present here. To permit the claim would be to inhibit financing for such equipment as well. If liens are to be avoided upon such property, it is obvious that such property will soon have no use as collateral for any loan. Absent very clear directions, Congress' action should not have been interpreted as intending to shut off farmers and ranchers from needed operating loans. Consequently, under the circumstances present here, the better construction is to limit the statutory phrase "implements" to small tools. A contrary interpretation would likely wreak havoc with most, if not all, of the nation's PCAs.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the debtors' complaint to avoid the lien of Roswell Production Credit Association should be and the same hereby is denied.