**In re Paul Michael FULKERSON Lark Lynne Fulkerson, Debtors.**

**Bankruptcy No. 4–81–00113.**

United States Bankruptcy Court, W. D. Kentucky.

Jan. 18, 1982.

Steven D. Gold, Henderson, Ky., for debtors.

R. Allen Wilson, Owensboro, Ky., for creditor.

MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on written objection of a creditor,

Evansville Morris Plan Company, Inc. (Morris), by counsel, to the avoidance of its lien by the debtors pursuant to 11 U.S.C. § 522(f). Previously in the case of *In Re Cunningham, et al.*, No. 1–80–00031, issued April 29, 1981, this Court found that a nonpossessory, nonpurchase money lien on exempt property of the debtor consummated after November 6, 1978 (the date of enactment of the Bankruptcy Reform Act of 1978) is avoidable by debtors, does not deprive creditors of due process, and thus 11 U.S.C. § 522(f) has constitutionally permissible application to those liens.

Employing the standard of *Cunningham, supra*, a determination then becomes necessary as to the date upon which a security interest was granted pursuant to the provisions of the Uniform Commercial Code as adopted by the State of Kentucky in Chapter 355 of the Kentucky Revised Statutes, specifically KRS 355.9–101, *et seq.*, and state and federal decisional law.

The history of the transaction or transactions in the instant case is undisputed and is essentially as follows:

On or about August 12, 1977, the debtors borrowed $5,070.00 on a thirty-month installment plan, account # 121527, and executed in favor of Morris a security agreement covering a 1972 Oldsmobile Cutlass, a 1973 Chevrolet Nova, and numerous items of household furniture. A financing statement was filed by Morris on August 18, 1977, thus perfecting the interest. The security agreement contained the following provision: "The security interest aforesaid shall in addition to securing all presently existing debts and liabilities, secure all renewals and future advances made by Lender to or for the account of the Borrower, including advances for loan, taxes, licenses, insurance, repairs to or maintenance of the collateral, and all reasonable costs and expenses incurred in the collection of any such indebtedness."

Subsequently, on March 27, 1979, the debtors executed a promissory note in favor of Morris in the amount of $4,705.74. The debtors evidently used the proceeds of this loan to extinguish the existing debt and to purchase insurance, with a small amount of cash for debtors. The automobiles and household goods were again pledged as collateral, a co-signer was required, this note was established on a thirty-six month basis and the interest set was at a higher rate than the previous loan. This second transaction bears an account number which is different from that of the previous security agreement and financing statement. Debtors filed a voluntary petition in bankruptcy on March 27, 1981, and subsequently moved to avoid the creditor's lien on exempt household goods.

The creditor here maintains that the second transaction was a mere renewal of the original loan and relates by virtue of the future advance clause to the initial security agreement of August 12, 1977. The debtors contend that there are two separate transactions and that the second transaction, consummated after November 6, 1978, therefore constitutes a lien subject to avoidance under the Bankruptcy Code.

The United States Bankruptcy Court has jurisdiction of the parties and the subject matter of this controversy pursuant to 28 U.S.C. § 1471.

KRS 355.9–204(5) provides:

"(5) Obligations covered by a security agreement may include future advances or other value whether or not the advances or value are given pursuant to commitment."

"In Kentucky, the rule is that a renewal note does not extinguish the original obligation unless there is a novation." *Cantrill Construction Company v. Carter*, 418 F.2d 705, 707 (6th Cir. 1969), citing *Porter v. Bedell*, 273 Ky. 296, 298, 116 S.W.2d 641 (1938).

A "novation is the substitution of a new obligation for an old one, with the intent to extinguish the old one, or the substitution of a new debtor for an old one, with the intent to release the latter, or the substitution of a new creditor, with the intent to transfer the rights of the old one to him." *Truscon Steel Co. v. Thirwell Elec. Co.*, 265 Ky. 414, 417, 96 S.W.2d 1023, 1025 (1936).

It has been found that intent is the essential element in proving a novation. *Cantrill Construction Company v. Carter, supra,* at 707. In *Cantrill,* the Court states: "... [I]t is clear that the parties to the transaction did not intend that the new note was to extinguish the original obligation for the note specifically recites that it is 'Renewal No. 1 Orig. Amt. $30,310.00.' It also recites the date of the original loan and refers to the collateral for that loan. It is difficult to imagine a clearer case than this." *Id.* at 707.

Decided under Tennessee law, the case of *In Re Alston,* 11 B.R. 184, 7 BCD 894 (Bkrtcy.W.D.Tn.1981), is closely analogous to the situation in the instant case. The only apparent difference was that one refinancing transaction occurring after November 6, 1978, was perfected by separate filing. Here the Court found that there was a novation and that the refinancing of the loan occurring subsequent to the enactment date of the Bankruptcy Reform Act of 1978 was avoidable.

The *Alston* Court relied on the reasoning of *In Re Jones,* 5 B.R. 655 (Bkrtcy.M.D.N.C. 1980). In *Jones, supra,* the bankruptcy court considered the effect of refinancing by a purchase money lender:

"On four occasions thereafter ... the Debtors and the creditor refinanced or 'flipped' the account in order to cure a delinquency and bring the account current. Each refinancing resulted in the opening of a new account with the old account being marked 'paid by renewal' ... Each renewal note retained the identical collateral used to secure the refinanced note and advanced a sum of additional money. The sums advanced plus the amounts used to pay off the prior note never exceeded the sums of the original obligation." *Id* at 656.

In *Jones, supra,* the Court held that the character of the original lien was discharged by the advancement of additional sums and refinancing of the note. The Court suggested that the first refinancing, without regard to any further advances, ended the purchase money character of the debt and held the lender strictly to the form of the transaction.

*Alston, supra,* is in substantial agreement with the reasoning in *Jones, supra,* while asserting that for the purposes of the question to be decided, the purchase money/non-purchase money lender application is a difference without a distinction. The Court in *Alston* states:

"It appears under the reasoning of *In Re Jones, supra,* that the loans in the instant case would be treated as entirely new loans which would place City Finance's security interest clearly within the avoiding authority of Section 522(f)(2)(A) of the Code."

This Court is in agreement with the reasoning and result reached in the *Jones* and *Alston* cases. In the instant situation the differences in the terms and circumstances of the two obligations dictate a finding that two separate and distinct security interests were intended by the parties, rather than a "mere" renewal of the original obligation. There is no reference of the promissory note to the prior transaction which would in any way relate the note to the future advance clause contained in the previous security agreement. Since the promissory note was executed on March 27, 1979, subsequent to the Code's enactment date, Morris is chargeable with notice of the applicable avoiding authority of § 522(f) and is subject thereto.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the lien on household goods of Evansville Morris Plan Company, Inc., be and is subject to avoidance pursuant to 11 U.S.C. § 522(f) and *In Re Cunningham, et al.*

IT IS FURTHER ORDERED AND ADJUDGED that debtors' motion to avoid the lien of Evansville Morris Plan Company, Inc., be and is sustained.

A copy of this order is mailed to Steven D. Gold, attorney for debtors; and to R. Allen Wilson, attorney for creditor.